[Civ. No. 4520. First Appellate District, Division One.—July 25, 1923.]

## PHILIP KLEIN, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

[1] COMMON CARRIERS—SHIPMENT OF JEWELRY AS BAGGAGE—DELAY IN TRANSIT—SPECIAL DAMAGES.—Articles of jewelry manufactured for sale do not constitute baggage, within the meaning of that term as contained in the regulations of the Interstate Commerce Commission; and where the manufacturer thereof places such articles in a trunk which he checks as baggage to be transported to a point in another state, and does not inform the carrier as to the contents of such trunk, and such trunk and its contents are thereafter redelivered to him unimpaired, he is not entitled to recover special damages for delay in transit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. M. Jackson for Appellant.

Ford & Johnson for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of defendant in an action for damages for the failure to promptly deliver a trunk shipped as baggage on one of defendant's trains.

The plaintiff herein is a manufacturing jeweler, with his place of business in San Francisco. During certain periods of the year it was his custom to manufacture certain lines of jewelry and at other seasons to take the manufactured product and sell the same to the trade in various cities. At the time in question plaintiff purchased a ticket to Chicago and presented his trunk for shipment as baggage to the defendant at San Francisco, paying $7.21 for sixty pounds overweight. The trunk was a combination wardrobe and sample trunk and contained articles of jewelry manufactured

---

1. What constitutes baggage, notes, 71 Am. Dec. 159; 8 Am. Rep. 302; 99 Am. St. Rep. 343; 21 Ann. Cas. 729; Ann. Cas. 1915C, 1050.

for sale in Chicago and other eastern cities. It does not appear that the baggageman knew the contents of said trunk. The trunk went forward on the right train but the baggage agent had placed the wrong tag upon the trunk and it went to the destination of another passenger at New London, Connecticut, while the baggage of the other passenger went to plaintiff's destination, Chicago. Plaintiff stayed about four days in Chicago endeavoring to locate the trunk and then left for New York, being advised while on the train of the whereabouts of his missing property and the same was delivered to him in New York. Plaintiff returned to Chicago later on but was unable to make any sales of his jewelry on account of the buyers' strike.

The facts set forth above were not disputed and upon this showing the court found that the plaintiff did not declare the character of the contents of the trunk and that the same was accepted under the belief that it was baggage; that said trunk, with its contents unimpaired, was delivered to plaintiff in New York; that the failure to deliver the trunk in Chicago was due to carelessness upon the part of employees of the defendant, but that plaintiff was not entitled to check the contents of the trunk as baggage under the rules and regulations of the defendant and of the Interstate Commerce Commission. As conclusions of law from these facts the court determined that plaintiff take nothing by his action and that defendant was entitled to judgment against plaintiff for its costs of suit. Judgment was rendered accordingly.

The first contention of the appellant is that the evidence is insufficient to justify the decision under the theory upon which the case was tried; that is, the action was not instituted nor tried upon the theory that the trunk was either lost or damaged, but upon the theory that the defendant, due to the gross negligence of its servants, failed to deliver said trunk at Chicago, which resulted in a loss of profits from prospective sales of merchandise and re-orders as well, as also expenditures for taxicab hire, telegrams, hotel bills for himself and his salesman, and other expenditures. In support of this theory appellant relies upon the following statement of the law:

"For delay in the delivery of baggage, due to the negligence of a carrier, the passenger is entitled to recover the

value of the use of the property during the time of such delay, and such individual expenses and damages as were in contemplation of the parties when the contract was made, including in some cases expenses incurred and reasonable efforts made to trace the baggage, living expenses of the owner while waiting for the baggage . . . and where a carrier accepts baggage with notice that the passenger requires it at a certain place at a certain time for a special purpose, the measure of damages is injury to the special business attributed to the delay, including the expense and loss of time incurred in the search for the delayed baggage.'' (10 C. J. 1227.)

This language, however, presupposes that the shipment was, in fact, baggage, and in addition the language would seem to imply that in order to recover for ''injury to the special business attributed to the delay'' the carrier must accept the baggage ''with notice that the passenger requires it at a certain place at a certain time for a special purpose.'' The court found that the plaintiff did not declare the character of the contents of said trunk and that the trunk was in fact accepted by the defendant under the belief that it was baggage. The general rule regarding baggage is that articles of merchandise which are not for the personal use of the traveler on his journey, but which are carried for the purpose of sale or trade, cannot be included in the term ''baggage''; the carrier is not obliged to carry them except on payment of additional compensation and in the absence of knowledge thereof cannot be held liable for them as baggage, even though taken in a trunk such as is usually used for holding personal effects or mingled with other articles which are properly baggage. (10 C. J. 1193.) Rule 9 of the tariff under which the defendant company was operating, under the rules of the Interstate Commerce Commission, western classification, provides that merchandise will not be checked nor transported in regular baggage service, with the exception of emergency shipment, where no freight nor express service is available. This being so, the railroad company, as an interstate carrier, operating as it does under the authority of the Interstate Commerce Commission, was governed by the rules of that commission touching the subject of baggage and was permitted under said rules as set

forth in the tariffs, only to carry the goods which were designated as baggage therein.

Appellant makes the claim that any piece of jewelry manufactured by any manufacturer is being constantly re-ordered from him or imitated by others, and thus attempts to bring his case within the tariff rules respecting merchandise used as samples and permit the checking as baggage of wares or merchandise of a commercial traveler for use by him in making sales or other disposition of the goods, wares, or merchandise represented thereby. While upon the witness-stand plaintiff testified as follows:

"Q. Now, the merchandise that you manufacture, Mr. Klein, it is absolutely incumbent upon you to take that and exhibit that, is it not? A. Yes, sir. Q. How is the jewelry generally sold—by sample, or are you able to— A. (Interrupting.) Genuine things—no buyer will buy a genuine article by sample. He must see the article and buy it. All dealers that sell genuine things sell them right then and there, not by sample, as it cannot be bought by a sample."

[1] It would seem clear, therefore, that the goods in question were not samples, but were intended for sale. The case of *Humphreys* v. *Perry*, 148 U. S. 627 [37 L. Ed. 587, 13 Sup. Ct. Rep. 711, see, also, Rose's U. S. Notes], is practically the same as the case at bar. In that case a traveling salesman bought a passenger ticket for passage on a railroad and presented a trunk to be checked to his destination, without informing the agent that the trunk contained jewelry, which it did, and without inquiry being made by the agent. He paid a charge for overweight as personal baggage and the trunk was checked. The court held that it was not necessary for the agent to inquire as to the contents of the trunk so presented as personal baggage and was therefore not liable for the loss of jewelry. In the case of *Wunsch* v. *Northern Pacific R. Co.*, 62 Fed. 878, it was held that as the original delivery to the company was a deception upon it, the trunk and its contents did not become baggage thereby, the only duty imposed on the company with respect to it being to keep the same safely as a bailee and deliver upon demand and identification to the owner.

Under the facts of this case we are of the opinion that as the shipment was not in fact baggage, within the meaning of that term as contained in the regulations of the

Interstate Commerce Commission, and as the goods were afterward delivered unimpaired, the plaintiff is not entitled to any claim for special damage for the delay in transit. The judgment is affirmed.

St. Sure, J., and Tyler, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 20, 1923.